**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE IMANI BUTLER, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Case No. 24-16719 |
| | ) | |
| | ) | Honorable Deborah L. Thorne |

**<u>MEMORANDUM OPINION</u>**

This matter comes on CNAC SH, Inc. (CNAC) and Kohn Law Firm, S.C.'s (Kohn) Motion to Vacate this court's Order Granting Imani Butler's Motion for Sanctions for Violation of the Discharge Injunction issued on September 10, 2025.  The matter has been fully briefed and after hearing the arguments presented by the parties, the Motion to Vacate is denied in part as explained below.  The court will schedule a hearing to hear evidence as to damages.

**<u>Factual Background</u>**

Ms. Butler financed a car through CNAC in April of 2019.  In October of 2019, CNAC repossessed the car when Ms. Butler fell behind on the payments.  CNAC sold the car in February of 2020, claiming a remaining balance of $11,494.19.  CNAC, represented by Kohn, filed a collection case to obtain a judgment for the remaining balance and was awarded judgment through default in 2022. (Dkt. 34).

Ms. Butler filed a chapter 13 petition on August 13, 2024 listing CNAC as a creditor and providing notice to it through Kohn who represented CNAC in the state court action.  During the pendency of the chapter 13 case, CNAC, with the continued representation of Kohn, pursued post judgment collections, serving wage garnishments against Ms. Butler in violation of the automatic stay. (Dkt. 60-61).[1]  Counsel for Ms. Butler states that between September 6, 2024 and September

---

[1] Kohn was given notice in the chapter 13 case on August 14, 2024. (Case No. 24-11789, Dkt. 10).

25, 2024, she informed Kohn that the automatic stay was in effect and collection efforts should stop.  CNAC and Kohn eventually complied and discontinued post judgment collections in October of 2024. (Dkt. 32).[2]

The chapter 13 case was dismissed on October 30, 2024, and Kohn received notice of the dismissal, both as CNAC's counsel and individually, on November 2, 2024.[3]  Just days later, however, on November 6, 2024, Ms. Butler filed a chapter 7 petition (Dkt. 1) and received a discharge on April 1, 2025. (Dkt. 29).  The discharge order included discharge of claims held by CNAC.  Kohn received notice of the chapter 7 case as counsel for CNAC and individually as the law firm at its Milwaukee, Wisconsin address on November 9, 2024 (Dkt. 12) and notice of the Discharge Order on April 3, 2025. (Dkt. 30).

Despite the notice of discharge sent from the court on April 3, 2025, Kohn filed two more Wage Deduction Notices on behalf of CNAC on June 3, 2025 and on July 10, 2025. (Dkt. 32).  As a result of the continued collection efforts on the now discharged CNAC claim, on August 18, 2025, Ms. Butler, through counsel, filed a motion to reopen her chapter 7 case to seek sanctions against CNAC and Kohn for violation of the court's Discharge Order. (Dkt. 32).

At the hearing on the Motion for Sanctions, neither Kohn nor CNAC appeared, and the motion was granted after the court reviewed service and observed that Kohn was served both as counsel for CNAC and individually. (Dkt. 34).  The order required CNAC and Kohn to pay $93 per day starting August 28, 2025 until the state court garnishment action was dismissed,[4] $5,000 for emotional distress, and $10,000 in punitive damages. (Dkt. 35).  At the hearing, the court asked Ms. Butler's counsel why the requested sanctions were so high.  Ms. Butler's counsel told this

---

[2] Ms. Butler has attached a copy of the state court docket but has not attached copies of the actual documents which are referenced.

[3] Case No. 24-11789 at Dkt. 23 and 34.

[4] The court does not know if the garnishment action was ever dismissed.

court that CNAC had previously violated the automatic stay and was fined $1,000, which clearly had not deterred CNAC's actions.  The order stated that Ms. Butler's counsel would be entitled to fees.  No fee petition was ever filed.  The chapter 7 case was reclosed.

After neither CNAC nor Kohn complied with the terms of the Sanctions Order, Ms. Butler filed a second motion to reopen her chapter 7 case, claiming CNAC and Kohn failed to comply with the court's sanction order. (Dkt. 38).  This time, an attorney appeared representing CNAC and Kohn and objected to the motion. (Dkt. 40).  The court granted Ms. Butler's motion to reopen her case again and set the matter for hearing. (Dkt. 44).  In a Joint Response to Debtor's Motion for Sanctions, CNAC and Kohn claimed that Kohn had misfiled the sanctions notice, so it was not reviewed until September 10, 2025. (Dkt. 48).  CNAC further claimed it did not receive notice of the motion, and Kohn had never filed an appearance for CNAC in the chapter 7 case. *Id*.

The court held an evidentiary hearing on December 2, 2025 where both parties appeared and were unprepared.  The court continued the matter to January 7, 2025 for status (Dkt. 55) and ordered the parties to brief the matter. (Dkt. 56).  CNAC and Kohn filed a Motion to Vacate Order Granting Sanctions claiming, without any evidence, that Ms. Butler's employer never garnished her wages and that CNAC never received proper notice under 7004 of the Federal Rules of Bankruptcy Procedure (Dkt. 58).  Kohn admitted that it mailed a Wage Deduction Notice to Ms. Butler on June 3, 2025 and on July 10, 2025, arguing that it mistakenly believed that the only case filed by Ms. Butler was the chapter 13 case, which had been dismissed.  Kohn argued that it was unaware of the chapter 7 case and apparently of the discharge injunction that had been entered on April 1, 2025. (Dkt. 29).

3

**Discussion**

### A. **Notice to Kohn and CNAC Was Proper.**

The Seventh Circuit Court of Appeals has held that in a bankruptcy case in which a creditor has been represented by an attorney in a collection action prior to or outside of bankruptcy, notice of the bankruptcy petition sent to the attorney may be imputed to the creditor. *In re Herman,* 737 F.3d 449, 454 (7th Cir. 2013); *In re Schicke,* 290 B.R. 792, 803 (10th Cir. BAP 2003); *In re Linzer,* 264 B.R. 243, 248 (Bankr. E.D.N.Y. 2001). CNAC argues that because it did not receive service as required under Rule 7004(3)(A) of the Federal Rules of Bankruptcy Procedure, it was not properly served. This argument fails to acknowledge or distinguish the Seventh Circuit holding in *Herman* that service is proper if made upon the attorney representing the creditor, such as Kohn, in the collection actions ongoing at the time of the debtor's filing.[5] As explained in *Herman* and more thoroughly in *Schicke,* the court must determine through a review of the entire circumstances and, specifically, the relationship between CNAC and Kohn to decide whether Kohn acted as CNAC's agent. *In re Herman*, F.3d 449 at 454. In this instance it did. Kohn continued, even in violation of the automatic stay in the prior chapter 13 case, to represent CNAC in collecting on the state court judgment. In fact, Kohn admits that it was confused by the several bankruptcy petitions that were filed by Ms. Butler and that it frequently represents CNAC in legal proceedings. (Dkt. 61).

Kohn also received proper notice of Ms. Butler's filings in her chapter 7 petition as it received notice for CNAC and notice was sent to Kohn separately. Kohn asserts that it should not be punished, and neither should CNAC, for "maintaining case management systems which only

---

[5] Each of the notices sent to Kohn identified that notice was being sent to CNAC in care of Kohn and separately that notice was being sent to Kohn. It was clear that notice was not only for the law firm but also for the client which it represented and continues to represent.

4

address active matters for which proper notice has been received or retention exists." (Dkt. 61). CNAC and Kohn have stressed that Kohn made a mistake in sending the Wage Deduction Notices because it was confused by Debtor's back-to-back bankruptcy filings. This court is not responsible for Kohn's inability to properly screen the notices it receives. Kohn effectively received two notices of every action in Ms. Butler's chapter 7 case, and it should have been more diligent in reading the notices it received and informing its client about Ms. Butler's ongoing bankruptcy proceedings.

**B. CNAC and Kohn Have Not Met Their Burden Under Rule 59 or 60 of the Federal Rules of Civil Procedure to Vacate the Judgment in its Entirety.**

CNAC and Kohn argue that the Motion to Vacate should be granted under Rule 59 and 60 of the Federal Rules of Civil Procedure. The court does not agree. Rule 59 allows a party to seek a new trial or to alter or amend a judgment, but this must be filed within 28 days after the entry of judgment. Fed. R. Civ. Pro. 59(b). Here, neither CNAC nor Kohn responded to Ms. Butler's motion to reopen her case until October 10, 2025 (Dkt. 40), which was 30 days after the Order Granting Motion for Sanctions. (Dkt. 35). CNAC also did not file its Motion to Vacate until December 12, 2025, over two months after the final order. (Dkt. 58).

Rule 60 allows for relief from a final judgment, order, or proceeding when there is "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. Pro. 60(b)(2). As notice was proper for both CNAC and Kohn, any evidence that either believed should be presented to the court could have been determined within a reasonable time and with reasonable diligence. At the most recent hearing in December, Kohn and CNAC's counsel stated that he spoke with someone at Amazon, Ms. Butler's employer, the evening prior and was told there was never a garnishment. This

statement amounts to hearsay as no one from Amazon or otherwise was presented to testify as to whether that was, in fact, true.[6]

Kohn admits to violating the court's discharge order by sending two Wage Deduction Notices to Ms. Butler to collect on the state court judgment. Section 524 of the Bankruptcy Code makes clear that a discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor." 11 U.S.C. § 524(a)(2). A court may "impose civil contempt sanctions when there is no objectively reasonable basis for concluding that the creditor's conduct might be lawful under the discharge order." *Taggart v. Lorenzen*, 587 U.S. 554, 560 (2019). Given the clear and broad language of section 524 and the fact that Kohn received several notices related to Ms. Butler's chapter 7 petition and discharge, Kohn and CNAC violated the discharge injunction under section 524 when Kohn sent two Wage Deduction Notices to Ms. Butler without an objectively reasonable basis to believe it had the legal authority to send those notices.

## C. <u>**The Damage Portion of the Order is Vacated to Determine Damages for Violation of the Discharge Injunction.**</u>

Although this court finds no basis to vacate the portion of the Sanctions Order holding that there was a clear violation of the discharge order, it is concerned about the appropriate damages. When the court set a hearing date, it expected each side to bring in witnesses to support their respective positions. They did not, and it was during that hearing that counsel for CNAC and Kohn stated that there was no garnishment but did not provide proof. Similarly, counsel for Ms. Butler stated, without proof, that she lost her apartment because of the garnishment notices. Finally, the

---

[6] On December 2, 2025, the court expected the parties to bring in witnesses and to present evidence. Under the Rule 43 of Federal Rules of Civil Procedure, parties presenting evidence must have witnesses available to testify in open court. Fed. R. Civ. Pro. 43(a). None were present. Rule 9017 of the Federal Rules of Bankruptcy Procedure makes Rule 43 of the Federal Rules of Civil Procedure applicable to bankruptcy proceedings. Fed. R. Bankr. Pro. 9017.

damages include a large portion for a per diem that has continued to accrue although it was intended only to continue so long as the garnishment order was in place. As a result of these loose ends, the court will schedule a hearing at the earliest possible date for Ms. Butler to prove up her damages, to determine whether the garnishment order continues, and for the presentation of an attorney fee petition seeking reasonable fees.

### Conclusion

The Motion to Vacate is denied in part because both CNAC and Kohn received notice of Ms. Butler's chapter 7 filings. Kohn, acting as CNAC's agent, violated the discharge injunction under Section 524 of the Bankruptcy Code. Damages will be determined by the court at a hearing to be scheduled.

Dated:  1/7/2026

_____
Honorable Deborah L. Thorne
United States Bankruptcy Judge